**ABC NATIONAL LINE ERECTION APPRENTICESHIP TRAINING TRUST, Plaintiff–Appellant,**

v.

**Lloyd AUBRY, JR., in his official capacity as the Director of the Department of Industrial Relations for the State of California and Victoria Bradshaw in her official capacity as the Labor Commissioner for the State of California, Defendants–Appellees.**

No. 93–17317.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 14, 1995.

Decided Oct. 17, 1995.

* Honorable David Alan Ezra, United States District Judge for the District of Hawaii, sitting by designation.

Mark R. Thierman, Gordon J. Fine, Thierman Law Partnership, San Francisco, California, for plaintiff-appellant.

John M. Rea, James D. Fisher, Department of Industrial Relations, San Francisco, California, for defendants-appellees.

Before: BEEZER and THOMPSON, Circuit Judges, and EZRA, District Judge.*

DAVID ALAN EZRA, District Judge:

This appeal presents the question whether the impact of California's prevailing wage law on a trainee/apprenticeship program not approved by California confers upon a trust that administers such a program standing to challenge the relevant provisions of the California Labor Code as preempted by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1144(a). We hold that, in light of our decision in *Dillingham Constr. N.A., Inc. v. County of Sonoma,* 57 F.3d 712 (9th Cir.1995), as well as the direct regulation of the programs through the California approval process, the trust has standing.

## I.

Appellant ABC National Line Erection Apprenticeship Training Trust ("ABC

___

* Honorable David Alan Ezra, United States District Judge for the District of Hawaii, sitting by designation.

Trust") is an apprenticeship and training trust fund based in Boca Raton, Florida. It provides financial support for training electrical power line erectors and distribution employees, also called "outside wiremen," for subscribing employers. Appellee Lloyd Aubry, Jr. is the Director of the Department of Industrial Relations ("DIR") and Administrator of Apprenticeship for the State of California. Appellee Victoria Bradshaw is the Labor Commissioner for the State of California and Chief Officer of the Division of Labor Standards Enforcement ("DLSE").

On July 12, 1993, ABC Trust filed a complaint for injunctive and declaratory relief pursuant to 42 U.S.C. § 1983 challenging DIR's enforcement of California Labor Code § 1777.5 and related regulations, Title 8, California Code of Regulations, §§ 230, 230.1 and 230.2. The state's prevailing wage law, California Labor Code § 1771, requires that contractors pay the prevailing wage rate to employees on public works projects valued over $1,000.00. Section 1777.5 exempts only apprentices in "state approved" apprenticeship programs from the provisions of the state prevailing wage law. Taken together, these provisions require public works contractors to: (1) pay only into state-approved apprenticeship trust funds or, alternatively, to the California Apprenticeship Council; (2) provide information about the work site and employees to a state-approved apprenticeship committee; and (3) employ only state-approved apprentices. ABC Trust, which is an apprenticeship trust fund not approved by the State of California, sought to enjoin enforcement of the statute and related regulations, arguing that ERISA's broad preemption provision, 29 U.S.C. § 1141(a), prohibits state regulation of employee welfare benefit plans such as ABC Trust.

Specifically, ABC Trust alleged in its complaint that Job Line Construction, Inc. ("Job Line"), an Oregon corporation and a participating employer in ABC Trust, won a public works contract paid by funds subject to the California Labor Code. According to ABC Trust, Job Line contacted the DIR to inquire whether contributions to ABC Trust would satisfy its obligation under California Labor Code § 1777.5. The complaint alleges that

the DIR informed Job Line that under § 1777.5 and related regulations, it must pay into only state-approved apprenticeship funds or the California Apprenticeship Council, and must employ only state-approved apprentices, or face statutory penalties.

ABC Trust filed a motion for preliminary injunction. Appellees subsequently filed separate but similar motions to dismiss. The court granted the motions to dismiss ABC Trust's complaint with prejudice and denied ABC Trust's motion for preliminary injunction. The court found that ABC Trust did not have standing to challenge the statute because there was no injury fairly traceable to Appellees' conduct in enforcing California Labor Code § 1777.5. The court held that ABC Trust's ability to solicit and receive trust funds had not been impaired because: pursuant to DLSE policy, the contributions of public works contractors to ABC Trust would not be credited toward their apprenticeship training obligations under § 1777.5, but such payments could be credited toward the unrelated fringe benefit portion of their per diem wage obligations. The court found that, while this policy does not affect a contractor's obligations under § 1777.5, it allows a contractor to offset payments to ABC Trust against the fringe benefit portion of its per diem wage obligations. The court also held that ABC Trust had not met the standard for obtaining a preliminary injunction because it did not qualify as a participant, beneficiary or fiduciary empowered by 29 U.S.C. § 1132(a)(3)(A) to "enjoin any act or practice which violates any provision of" ERISA.

On appeal, ABC Trust seeks reinstatement of its complaint and the issuance of a preliminary, then permanent, injunction against Defendants–Appellees, protecting ABC Trust against the adverse consequences of its unapproved status and the application of California's prevailing wage law. ABC Trust also seeks declaratory relief.

## II.

A plaintiff must meet three requirements for standing: (1) the plaintiff must have personally "suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent;" (2) the injury

must be "fairly traceable to the challenged action of the defendant;" and (3) it must be likely that the injury will be "redressed by a favorable decision." *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560–61, 112 S.Ct. 2130, 2136, 119 L.Ed.2d 351 (1992) (citations and internal quotations omitted); *LaDuke v. Nelson,* 762 F.2d 1318, 1323 (9th Cir.1985) (citing *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.,* 454 U.S. 464, 472, 102 S.Ct. 752, 758–59, 70 L.Ed.2d 700 (1982)). "[W]hen the plaintiff is not himself the object of the government action or inaction he challenges, standing is not precluded, but it is ordinarily 'substantially more difficult' to establish." *Lujan v. Defenders of Wildlife,* 504 U.S. at 562, 112 S.Ct. at 2137 (quoting *Allen v. Wright,* 468 U.S. 737, 758, 104 S.Ct. 3315, 3328, 82 L.Ed.2d 556 (1984)).

■ ABC Trust argues that it is the object of California's apprenticeship approval requirements. In combination with §§ 1771 and 1777.5, these requirements encourage public works contractors to pay into state-approved funds and not into ABC Trust. ABC Trust contends that its state-approval status, coupled with the regulation of contractors through §§ 1771 and 1777.5, creates an injury in fact, fairly traceable to the actions of the Appellees. We find this argument compelling, particularly in light of this court's recent decision in *Dillingham Constr. N.A., Inc. v. County of Sonoma,* 57 F.3d 712 (9th Cir.1995), decided after briefing here. In *Dillingham,* this court ruled that ERISA preempted the enforcement of California's prevailing wage law against contractors paying apprentice wages to apprentices from programs that have not received state approval. 57 F.3d at 719. This decision effectively grants ABC Trust the substantive relief it seeks by ending any enforcement of § 1771 against contractors paying into unapproved apprenticeship programs.

In reaching this determination, the court reasoned that California Labor Code § 1771, which mandates prevailing wages, and § 1777.5, which allows payment of lower apprenticeship wages to employees in state-approved apprenticeship programs, encourage participation in state-approved ERISA plans while discouraging participation in ERISA plans not approved by the state:

[T]he application of a state's prevailing wage law to allow payment of lower apprenticeship wages to employees in approved apprenticeship programs "has the effect, and possibly the aim" of encouraging participation in state-approved ERISA plans while discouraging participation in unapproved ERISA plans.

*Dillingham,* 57 F.3d at 719 (quoting *National Elevator Industry, Inc. v. Calhoon,* 957 F.2d 1555, 1559 (10th Cir.), *cert. denied,* ——. U.S. ——, 113 S.Ct. 406, 121 L.Ed.2d 331 (1992)).

The broad sweep of the holding in *Dillingham* not only effectively answers the ERISA preemption question raised by ABC Trust in its complaint, it also weighs heavily in favor of finding that ABC Trust has standing. ABC Trust suffered direct injury due to the discouragement of unapproved programs described in *Dillingham* and *National Elevator* and the possibility that a complicated accounting mechanism technically equalizes the situation should not strip ABC Trust of standing. The effect of the current scheme is to discourage contractors like Job Line from using plans like ABC Trust's. After *Dillingham,* the accounting mechanism certainly will not save the enforcement of the statute here from ERISA preemption.

Moreover, drawing distinctions between the standing of programs and contractors in this complex system of regulation is a meaningless exercise. Because ERISA prevents the enforcement of the prevailing wage law against contractors paying into unapproved programs under *Dillingham,* it results in the de facto approval of those programs. The result of this preemption also demonstrates the effect of the statute upon ABC Trust. California Labor Code § 1777.5, as enforced in conjunction with § 1771, clearly hampers ABC Trust's ability to receive funds from California projects. It mandates that contractors either choose apprentices from state approved programs or utilize a complicated accounting system in order to pay into an unapproved program. We conclude that ABC Trust has standing to challenge the statute.

The Supreme Court's recent decision in *New York Conf. of Blue Cross v. Travelers Ins. Co.,* —— U.S. ——, 115 S.Ct. 1671,

131 L.Ed.2d 695 (1995), is not to the contrary. In *Blue Cross v. Travelers,* the Supreme Court held that ERISA did not preempt a New York statute requiring hospitals to collect surcharges from patients covered by commercial insurers but not from patients insured by a Blue Cross/Blue Shield plan. — U.S. —, 115 S.Ct. 1671, 131 L.Ed.2d 695 (1995). New York hospitals charge an averaged rate to patients with Blue Cross coverage, Medicaid patients, and HMO participants. *Id.* at —, 115 S.Ct. at 1674. They add a surcharge to patients covered by commercial insurers. *Id.* The Court held that the New York statute did not "relate to" benefit plans because its indirect economic influence did not bind plan administrators to a particular choice, even though its effect made the Blue Cross plans more attractive. *Id.* at —, 115 S.Ct. at 1679.

Appellees argue that the California statutes here have only an indirect economic effect, like the statute in *Blue Cross.* Unlike the ability to pay into certain apprenticeship funds, however, rate variations among hospital providers are unremarkable, accepted examples of cost variation. *Id.* Charge differentials for commercial providers varied dramatically prior to state regulations, "presumably reflecting the geographically disparate burdens of providing for the uninsured." *Id.* (citations omitted). In contrast, given the competitive nature of the bid process for public works contracts, contractors cannot opt to pay prevailing wages to trainees or apprentices in unapproved programs. They must find a state approved program or forego using apprentices, and they must either pay into state approved programs or undertake a complicated set-off procedure to equalize the payment. The market for apprentice programs simply does not equate with the market for health care providers.

The prevailing wage statute's exception for state approved programs places an administrative and financial burden upon benefit plans and plan sponsors to comply with conflicting directives between the States and the Federal Government. *See Ingersoll–Rand Co. v. McClendon,* 498 U.S. 133, 142, 111 S.Ct. 478, 484–85, 112 L.Ed.2d 474 (1990) (ERISA's preemption provision, section 514(a), was intended "to minimize the administrative and financial burden of complying

with conflicting directives among States or between States and the Federal Government."). The state statute "relates to" the benefit plans and is preempted by ERISA based upon its effects on the contractors and programs. The state statute governing approval of programs directly regulates the unapproved plans and, in conjunction with the prevailing wage statute and its exception, discourages contractors from paying into these plans. As a result, these plans have standing to challenge the statute.

For these reasons, we REVERSE the decision of the district court on the standing issue. We REMAND the matter for further proceedings, including reconsideration of whether Plaintiff–Appellant qualifies as a fiduciary empowered by 29 U.S.C. § 1132(a)(3)(A) to obtain an injunction.

REVERSED and REMANDED.